Dorothy Elizabeth SMITH et vir, Appellants,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, Appellee.

No. 7821.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 19, 1967.

Rehearing Denied Oct. 17, 1967.

Cornett, Flanary, Echols & Bailey, Paris, for appellants.

Moore & Lipscomb, Paris, for appellee.

DAVIS, Justice.

A workmen's compensation case. Plaintiffs-appellants sued appellee because of an alleged injury to Dorothy Elizabeth Smith (hereinafter referred to as Mrs. Smith), on April 15, 1965, while in the course of her employment for Campbell Soup Company (hereinafter referred to as the plant). Appellee was the insurer.

The case was tried to a jury. In response to the jury's answers to the special issues submitted, the trial court entered a judgment that appellants take nothing. They have perfected their appeal and bring forward 2 points of error.

By Point One, appellants say the trial court erred in overruling their motion for new trial because the verdict and findings of the jury that the appellant, Mrs. Smith, sustained no total or partial incapacity on account of her injuries are so against the great and overwhelming weight of the evidence as to be clearly wrong and manifestly unjust.

The evidence shows that the accident complained of occurred about 2:00 p.m., April 15, 1965, while Mrs. Smith was working as an employee of the plant. She remained on the job the balance of the day, returned the next day and worked all day. On April 19, 1965, she called the nurse at the plant and reported the injury. That afternoon she was examined by the plant physician. She was seen several times by the physician, was given certain medicine,

and was given heat and physical therapy treatments. The evidence shows that she continued to improve and was dismissed by the plant physician on May 7, 1965. She returned to work on May 21, 1965, and continued through October 11, 1965, with the exception of a few absences caused by migraine headaches and female trouble.

The jury found that Mrs. Smith had sustained the injury on April 15, 1965, but the injury did not result in any total or partial disability.

On October 12, 1965, about 7:30 a.m. Mrs. Smith was in her bathroom, was brushing her teeth while stooped over the lavatory, or was picking something up off the floor, when she says she experienced a severe pain in her lower back. She was placed in a hospital where she remained until October 15, 1965. She continued to see the plant physician until about October 28, 1965, when she was referred to an orthopedic specialist in Greenville.

The plant physician and the orthopedic specialist both gave Mrs. Smith several complete examinations and did not find any positive evidence of any specific injury to her lower back. They gave her the straight leg raising test to 80 and 90 degrees, the LeSague test, needle pricking test, testified that neither showed any evidence of any injury, and that her knee and ankle tests all showed negative.

Mrs. Smith saw several physicians after the injury, but none of them testified in her behalf. She saw a physician on about November 1, 1965, who placed her in a hospital, and placed her in traction. The hospital records were offered in evidence which contained the following statement by her physician:

> "Patient otherwise has been basically normal except she has a rather marked psychological overplay in nearly all her illnesses".

The evidence is conflicting, but we find it fully sufficient to support the jury find-ings. 4 T.J.2d, 390, Sec. 837; 4 T.J.2d, 395, Sec. 838, 57 T.J.2d, 94, Sec. 453, and the cases cited under each section.

The point is overruled.

We have carefully examined the appellants' other point of error, find it to be without any merit, and it is overruled.

The judgment of the trial court is affirmed.